IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY SGANGA, | ) |
|     *Plaintiff*, | ) |
| v. | ) |
| ASTRAZENECA PHARMACEUTICALS LP, | )  Case No. _____ |
| 1800 Concord Pike | ) |
| Wilmington, Delaware 19803, | ) |
|     Serve registered agent: | ) |
| | )  **TRIAL BY JURY DEMANDED** |
|     The Corporation Trust Company, | ) |
|     1209 Orange St. | ) |
|     Wilmington, DE 19801, | ) |
|     *Defendant*. | ) |

## CIVIL COMPLAINT FOR MONETARY AND EQUITABLE RELIEF

Plaintiff Anthony Sganga, by and through undersigned counsel, brings this action against Defendant AstraZeneca Pharmaceuticals LP ("AZ") under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA") and the Delaware Discrimination in Employment Act, DE Code Tit. 19 Sec. 710 *et seq*. ("DDEA").

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1331 because it asserts claims that arise under the laws of the United States, specifically the ADEA.

2. This Court has personal jurisdiction over the Defendant because its headquarters is within the State of Delaware and because the unlawful employment practices alleged in this action took place within the State.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a

1

substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

**PARTIES**

4. Plaintiff is a resident of Loveland, Ohio. Plaintiff resided and worked in the State of Delaware during the course of his employment with Defendant.

5. Defendant AstraZeneca is a Delaware limited partnership with its principal place of business located in Wilmington, Delaware.

**ADMINISTRATIVE PREREQUISITES**

6. Mr. Sganga has complied with all administrative prerequisites necessary to bring this action. A *Notice of Your Right to Sue* was issued on July 16, 2023, a copy of which is attached hereto as **Exhibit A**.

7. Mr. Sganga filed a timely charge of age discrimination against AZ on or about December 19, 2022, through the Delaware Department of Labor and EEOC.

**FACTUAL ALLEGATIONS**

8. AZ is a Delaware limited partnership whose primary business is in the area of pharmaceutical research, manufacturing, marketing, and sales.

9. AZ hired Mr. Sganga on or about September 6, 2005, as a quantitative commercial insights manager.

10. Mr. Sganga worked in data analytics for AZ, and AZ promoted him to the position of senior manager for brand analytics.

11. Mr. Sganga assumed the responsibilities typically held by employees serving in analytics director roles in or about 2020 while working in a department that lacked an official analytics director.

12. AZ issued Mr. Sganga a positive annual performance review in or about December of 2021 in a meeting with his supervisor, Janice Griffiths-Hemans.

13. Ms. Griffiths-Hemans encouraged Mr. Sganga to apply for an open analytics director position in his department during their December 2021 meeting.

14. Mr. Sganga applied and interviewed for the analytics director role in January 2022, but AZ did not select Mr. Sganga for the analytics director position.

15. Ms. Griffiths-Hemans subsequently told Mr. Sganga that AZ did not select him for the analytics director position because AZ management believed that he was "not innovative enough" and "too set in his ways," concerns not mentioned in the performance review meeting the two had held just two months prior.

16. AZ reorganized Mr. Sganga's division in or about March 2022, and Marlyn Cascarina was the leader of his department.

17. Ms. Cascarina announced that the department would add an analytics director role, and Ms. Cascarina selected a substantially younger candidate, Yan Guo, to perform the role that Mr. Sganga had functionally filled since in or about 2020.

18. Around the time of the March 2022 reorganization, Ms. Cascarina met with Mr. Sganga. During that meeting, Ms. Cascarina told Mr. Sganga that he was replaced by Yan Guo because Mr. Sganga was "not innovative enough" and she "did not view Mr. Sganga as she viewed the other Analytics Directors."

19. On or about March 15, 2022, Mr. Sganga met with AZ's HR staff, and discussed a version of his 2021 performance review that was at odds with the verbal version AZ gave him prior to being passed over for promotion.

20. Ms. Guo resigned from the analytics director position in or about April of 2022,

and Ms. Cascarina then selected a candidate in their 30s, Kira Pugliese, in or about June of 2022, to fill the analytics director position within Mr. Sganga's department after Ms. Guo's departure.

21. AZ issued Mr. Sganga a positive mid-year review in or about early July 2022, then AZ issued Mr. Sganga a performance assessment on or about August 2, 2022, that was at-odds with the review it had issued to him in July. AZ also placed Mr. Sganga on a Performance Improvement Plan ("PIP") on August 2, 2022.

22. Mr. Sganga updated Ms. Pugliese and Ms. Cascarina regularly during his PIP so as to keep them advised of his progress as he met the PIP's goals, and in response they reiterated to him that he could quit or resign any time rather than comply with the PIP.

23. On or about October 3, 2023, AZ terminated Mr. Sganga's employment.

24. Following Mr. Sganga's termination, AZ filled his position with an employee in their late 20s, Aidan Smith, who had previously held a similar role but was removed due to performance concerns.

25. As a result of AstraZeneca's illegal actions, Mr. Sganga has suffered economic damages and mental anguish, and he will continue to sustain damages into the future.

**COUNT I**
**Age Discrimination in Employment Act of 1967**
**29 U.S.C. §§ 621** *et seq.*

26. Plaintiff hereby incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

27. Defendant is engaged in an industry affecting commerce with twenty or more employees for each working day of the year.

28. Defendant is an "employer" for purposes of the ADEA, 29 U.S.C. § 630(b).

29. Plaintiff is an "employee" of Defendant for purposes of the ADEA, 29 U.S.C.

§ 630(f).

30. Plaintiff is in an ADEA-protected class of employees because he is forty years old or older, as defined in 29 U.S.C. § 633(a).

31. Defendant treated Plaintiff in a disparate manner because of his age when it terminated Plaintiff's employment.

32. Defendant's proposed legitimate business reason for its decision to fire Plaintiff is pretext.

33. Plaintiff sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct.

34. Plaintiff demands such legal or equitable relief as will effectuate the purposes of the ADEA including, but not limited to: economic damages (including accrual of back pay, front pay, and lost market pay); compensatory damages; liquidated damages; attorneys' fees and costs; equitable relief (including appropriate affirmative action and injunctive relief); and, any other relief this Court deems just and equitable.

> **Commented [EB1]:** Include liquidated damages

**COUNT II**
**Delaware Discrimination in Employment Act**
**DE Code Tit. 19 Sec. 710** *et seq.*

35. Plaintiff hereby incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

36. Defendant is engaged in an industry affecting commerce with four or more employees for each working day of the year.

37. Defendant is an "employer" for purposes of the DDEA, DE Code Tit. 19, Sec. 711 (b).

38. Plaintiff is an "employee" of Defendant for purposes of the DDEA, DE Code Tit.

19, Sec. 711 (b).

39. Plaintiff is in an ADEA-protected class of employees because he is forty years old or older, as defined in DE Code Tit. 19, Sec. 710 (1).

40. Defendant treated Plaintiff in a disparate manner because of his age when it terminated Plaintiff's employment.

41. Defendant's proposed legitimate business reason for its decision to fire Plaintiff is pretext.

42. Plaintiff sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct.

43. Plaintiff demands such legal or equitable relief as will effectuate the purposes of the DDEA including, but not limited to: economic damages (including accrual of back pay, front pay, and lost market pay); punitive damages; attorneys' fees and costs; equitable relief (including appropriate affirmative action and injunctive relief); and, any other relief this Court deems just and equitable.

## **PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff respectfully requests that he be awarded the following relief from the Defendant:

    a. Economic damages for lost compensation, lost retirement benefits, and damage to Plaintiff's career;

    b. Compensatory damages, including but not limited to pain and suffering, emotional distress and reputational damage;

    c. Punitive damages,

    d. Reemployment, reinstatement, promotion, front pay, or other equitable relief;

    e.    Reasonable costs and experts' and attorneys' fees;

    f.    Pre-judgement interest;

    g.    Liquidated damages;

    h.    Interest due on unpaid wages; and

    i.    Any other such relief that the Court may deem just and equitable.

Date: September 6, 2023　　　　　　　Respectfully submitted,
       Wilmington, DE

/s/ *Bernard G. Conaway, Esquire*
Bernard G. Conaway, Esquire (DE 2856)
**Conaway-Legal LLC**
Market West
221 W. Tenth Street, Suite 400
Wilmington, DE 19801
(302) 428-9350
(844) 364-0137 (facsimile)
bgc@conaway-legal.com

*Of Counsel*

R. Scott Oswald, Esquire
Anita Mazumdar Chambers, Esquire
**The Employment Law Group, P.C.**
1717 K St. NW, Suite 1110
Washington, DC 20006-5345
(202) 261-2830
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
achambers@employmentlawgroup.com